UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AMTRUST INCORPORATED, CIVIL NO. 00-2615 (DSD/JMM)

Plaintiff,

v. ORDER

ROGER C. LARSON, et al.,

Defendants.

The above matter came on for hearing before the undersigned on September 25, 2001 upon Plaintiff's Motion to Compel Discovery [Docket No. 51]. Paul L. Ratelle, Esq. appeared on behalf of Plaintiff; Valdis A. Silins, Esq. appeared on behalf of Defendant Roger C. Larson; and Mary Jo Jensen-Carter, Esq. appeared on her own behalf.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery [Docket No. 51] is granted in part as follows:

1. No later than noon on Thursday, September 27, 2001, Defendant Roger C. Larson shall deliver to counsel for Plaintiff a Privilege Log identifying with particularity each document as to which a privilege is claimed, and specifying as to each document the basis of the privilege.

2. The deposition of Mary Jo Jensen-Carter shall proceed promptly at a time and place agreed upon by the parties, or ordered by the Court. In the absence of agreement, each party may submit to the Court no later than noon on Thursday, September 27, 2001, proposed dates, times and places for the holding of that deposition.

FILED SEP 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

3. Promptly after the conclusion of the deposition, either party may make a Motion to Compel, or for a Protective Order, with respect to any document as to which production is denied on the basis of a claimed privilege, or any answers to questions in the deposition of Mary Jo Jensen-Carter to which no answer is given on the basis of a privilege claimed by Roger Larson. The Court may consider said Motions on the written pleadings, or may grant oral argument on any such Motion.

4. The motion is in all other respects denied.

Dated: September 26, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

At oral argument, it became apparent that Defendant Roger C. Larson may wish to offer his own testimony, and that of attorney witnesses, to substantiate his claim that his change in position as to the indebtedness underlying the mortgage herein was based upon recently received advice from an attorney. As counsel for Defendant acknowledged, a claim of privilege at this time would be inconsistent with the later proffer of testimony on the same subject. As the cliche has it, one may not use the privilege as a sword - particularly when one wishes to use it as a shield. It appears that there is a likelihood that Defendant will waive the claim of privilege (if he has not done so already), rendering moot the Motion presently before the Court. In any event, the Court cannot anticipate what documents will be in dispute, nor what deposition testimony will be denied. We have determined the issues which are ripe, and the balance of the Motion is denied as premature.

J.M.M.