**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

vs.

**CIVIL FILE NO. 00-2615 DSD/JMM**

ROGER C. LARSON, individually,
THE UNITED STATES OR AMERICA,
EVELYN M. LARSON, individually,
PHALEN PARK STATE BANK,
WELLS FARGO BANK MINNESOTA, NA (f/k/a NORWEST BANK MINNESOTA, NA) and CLARICA LIFE INSURANCE COMPANY - US (f/k/a TMG LIFE INSURANCE CO.) a North Dakota corporation,

Defendants,

**STIPULATION AS TO DEPOSITION DATES OF MARY JO A. JENSEN-CARTER AND WAIVER OF ATTORNEY-CLIENT AND WORK-PRODUCT PRIVILEGE**
AND ORDER

and

ROGER C. LARSON,

Third Party Plaintiff,

v.

TAWAKONI LAND & DEVELOPMENT COMPANY, a Texas corporation,

Third Party Defendant.

---

The parties hereto through their undersigned counsel hereby enter into this stipulation to establish the dates of the deposition of Mary Jo A. Jensen-Carter, the stipulation by Mary Jo A. Jensen-Carter to waive her work-product privilege, and the stipulation by Roger Larson to waive his attorney-client privilege.

## RECITALS

WHEREAS, Plaintiff commenced this action in order to foreclose a mortgage it holds against property owned by Defendant Roger C. Larson ("Larson");

FILED OCT 03 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

WHEREAS, in Plaintiff has served a several subpoenas and notices upon Minnesota attorney Mary Jo A. Jensen-Carter, former legal counsel for Larson, to produce her files and records relating to, among other things, representations which Larson has made to various of his creditors as to the amount due under the mortgage at issue in this case;

WHEREAS, notwithstanding her earlier production, Larson initially maintained that all of Ms. Jensen-Carter's files and records were protected from disclosure under the attorney-client privilege, and Ms. Jensen-Carter maintained that the work-product privilege applied to certain documents;

WHEREAS, Larson later determined that those files and records pertaining to corporate entities as to which the debt to which the subject mortgage relates were not privileged and, therefore, produced these files and records to Plaintiff on or about July 13, 2001;

WHEREAS, Larson still later determined that those files and records pertaining to Larson personally, as opposed to his corporate entities, to the extent that they constitute communications by Larson and/or his attorneys to third parties were not privileged and, therefore, produced to Plaintiff various documents from such files and records on or about August 13, 2001;

WHEREAS, Larson still later produced to Plaintiff additional documents from Ms. Jensen-Carter's files on or about August 23, 2001. Larson has produced in excess of 2,000 pages of documents from the files and records of Ms. Jensen-Carter;

WHEREAS, notwithstanding the production of documents and records from the files of Ms. Jensen-Carter, Larson originally maintained that Ms. Jensen-Carter's records and any of her testimony relating thereto were subject to the attorney-client privilege and, accordingly, Larson intented to invoke the attorney-client privilege at the oral deposition of Ms. Jensen-Carter;

WHEREAS, Plaintiff took issue with the assertion of the attorney-client privilege by Larson and brought a motion before this Court to resolve this issue in advance of Ms. Jensen-Carter's oral deposition;

WHEREAS, Larson and Ms. Jensen-Carter now wish to waive both the attorney-client privilege and the work-product privilege with regard to any documentation demanded in Plaintiff subpoena duces-tecum served upon Ms. Jensen-Carter, and at both Larson's and Ms. Jensen-Carter's deposition;

WHEREAS, Ms. Jensen-Carter has proposed several dates when she is available for oral deposition;

WHEREAS, Mr. Valdis Silins, current counsel for Defendant Roger Larson, has agreed to make himself available for depositions during the weeks of October 22nd, October 29th and November 5th;

NOW, THEREFORE, the following is hereby agreed between and among Larson, Ms. Jensen-Carter, and Plaintiff, through their undersigned counsel, subject to approval of this Court:

## AGREEMENT

1. That Ms. Jensen-Carter and Larson hereby waive the attorney-client and work-product privilege as it relates to the subject matter of this lawsuit, and as it relates to any documents subject to the subpoena duces-tecum served upon Ms. Jensen-Carter;

2. Ms. Jensen Carter will appear at the offices of Plaintiff's counsel, 920 Second Avenue South, Suite 1100, Minneapolis, Minnesota, and submit to oral examination by deposition to commence at the times and dates set forth below:

a. Beginning at 1:00 p.m. on October 22, 2001;
b. Beginning at 1:00 p.m. on October 24, 2001;
c. Beginning at 9:00 a.m. on October 25, 2001;
d. Beginning at 9:00 a.m. on October 26, 2001;
e. Beginning at 1:00 p.m. on October 29, 2001;
f. Beginning at 1:00 p.m. on October 31, 2001; and

VAS

One of Roger Larson's counsel

3. ~~Mr. Valdis Silins~~ will make himself available for depositions during the weeks of October 22nd, October 29th and November 5th.

DATED: Sept 27, 2001

**FABYANSKE, WESTRA & HART, P.A.**

By: Paul L. Ratelle

Paul L. Ratelle (#127632)
Daniel J. McGarry (#273855)
920 Second Avenue South, Suite 100
Minneapolis, MN 55402
(612) 338-0115

**ELWORTHY & MARSHALL, P.C.**
Bruce R. Elworthy
Wyoming Bar No. 6-2731
1001 Pioneer Road
Sheridan, WY 82801
**ATTORNEYS FOR PLAINTIFF**

DATED: 10-1, 2001

**STEPHENSON & SANFORD, P.L.C**

By: ____________________
Valdis A. Silins
Suite 1440
501 Marquette Avenue
Minneapolis, MN 55402
**ATTORNEYS FOR ROGER LARSON**

**BUCKLEY & JENSEN**

DATED: 9-27, 2001

By: ____________________
Mary Jo A. Jensen-Carter
Suite 575
444 Cedar Street
St. Paul, MN 55101

**ORDER**

The foregoing stipulation of the parties is hereby approved by this Court and, accordingly, the attorney-client and work-product privilege is waived, and Ms. Jensen Carter will appear for her deposition as provided above.

DATED: 10/2, 2001

**BY THE COURT**

____________________
Magistrate Judge John M. Mason