UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AMTRUST INCORPORATED, CIVIL NO. 00-2615 (DSD/JMM)

Plaintiff,

v. ORDER

ROGER C. LARSON, et al.,

Defendants.

The above matter came on before the undersigned upon the Parties' Stipulation to Extend Deadline For Serving and Filing All Dispositive Motions and Stipulation Regarding the Scheduling and Taking of the Deposition of Defendant Evelyn M. Larson. The Court will treat both Stipulations as Motions, in accordance with the Local Rules of this Court.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. The Stipulation/Motion to Extend Deadline For Serving and Filing All Dispositive Motions is denied.

2. The Stipulation Regarding the Scheduling and Taking of the Deposition of Defendant Evelyn M. Larson is granted only as follows: Said deposition may be completed no later than February 8, 2002, but the postponement of said deposition

FILED DEC 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

shall not have any procedural or substantive effect upon the presentation of dispositive motions.

Dated: December 5, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

By Stipulation of the Parties, the Court amended the initial Pretrial Scheduling Order by issuance of a Final Pretrial Scheduling Order dated September 5, 2001. No request was made for an extension fo the time for the submission of dispositive motions, which were and are required to be filed no later than January 1, 2002. The Parties now recite the permission granted for additional time to take discovery as a ground for seeking additional time to present dispositive motions. Had the Parties desired not only additional time to seek discovery, but additional time to present dispositive motions, they should have made that known at the time they made their initial request, or immediately after the Court issued its September 5, 2001 Order. Had the Court been made aware that the extension of time for discovery would lead to other requests for additional time, the Court would likely have denied both requests. In any event, the Court will not permit the Parties to achieve by indirection that which would not have been directly granted. Another way of looking at the issue is that the Parties waived any claim for additional time to make dispositive motions when they refrained from presenting that issue at the time they presented their request for additional time to take discovery.

As to the desire to defer the taking of the deposition of Ms. Larson, the Court has acquiesced, but has fixed a deadline by which the deposition must be concluded. We have selected a date which is approximately three weeks prior to the date on which this matter is scheduled for trial. We have specified that the postponement of the deposition will have neither procedural nor substantive effect upon any dispositive motions, thus if any Party is of the view that the deposition is required for the presentation or consideration of said motions, it will be necessary for that Party to cause the deposition to be concluded at a date well prior to the deadline which has been fixed by this Order.

J.M.M.