UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2615 (DSD/JMM)

Amtrust Incorporated, a Wyoming corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

v.

**ORDER**

Roger C. Larson, individually, the United States of America, Evelyn M. Larson, individually, Phalen Park State Bank, Wells Fargo Bank Minnesota, NA (f/k/a Norwest Bank Minnesota, NA) and Clarica Life Insurance Company - US (f/k/a TMG Life Insurance Co.), a North Dakota corporation,

Defendants,

and

Roger C. Larson,

Third-Party Plaintiff,

v.

Tawakoni Land & Development Company, a Texas corporation,

Third-Party Defendant.

Paul L. Ratelle, Esq., Daniel J. McGarry, Esq. and Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, MN 55402 and Bruce R. Elworthy, Esq., Elworthy & Marshall, 1001, Pioneer, Sheridan, WY 82801, counsel for plaintiffs.

FILED 2-22-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

Valdis A. Silins, Esq. and Stephenson & Sanford, 501 Marquette Avenue, Suite 1440, Minneapolis, MN 55402, counsel for defendant Roger C. Larson.

Roylene A. Champeaux, Assistant United States Attorney, 600 U.S. Courthouse, 300 South 4th Street, Minneapolis, MN 55415, counsel for defendant United States.

Stephen Kelly, Esq. and Kelly & Fawcett, 444 Cedar Street, Suite 2350, St. Paul, MN 55101, counsel for defendant Evelyn M. Larson.

This matter is before the court on plaintiff Amtrust's motion for summary judgment and defendant Roger Larson's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies both motions.

**BACKGROUND**

On May 7, 1991, Mr. Larson, together with Larson's two companies, Minnesota Package Products, Co., Inc. ("MPP") and Mid-American Holding Co., Inc. ("Mid-American"), executed a note in the amount of $275,000, to be paid to Tawakoni Land & Development Company ("TL&D"). The note renewed and extended the balance of $175,000 that Larson and Mid-American owed TL&D on several prior notes and advanced an additional $100,000 to Mid-American. The note allowed for an annual interest rate on the unpaid principal of 13½ percent and contained a payment schedule which allowed for

interest only payments from November through April of each year for the life of the note. The unpaid balance on the note was due October 1, 1996. The note was secured by the business assets of MPP and Mid-American, which owned and operated a swimming pool company under the name "Pacific Pool and Patio." The collateral included vans, pick up trucks, bobcats, inventory, furniture, fixtures and accounts receivable.

In September 1991, Mr. Larson alleges that he and his companies made payments on the note but in September 1991, MPP, doing business as Pacific Pool and Patio filed for Chapter 7 bankruptcy. Larson asserts that he advised Gino D'Amalfi, one of the owners and managing officers of TL&D, that the bankruptcy filing was imminent, at which point D'Amalfi allegedly asked Larson to give TL&D a mortgage on real property owned by Larson in Washington County, Minnesota. According to Larson, D'Amalfi told him that the mortgage was necessary to satisfy TL&D's creditors and that TL&D would never collect on the mortgage because it would accept Larson's business assets in full satisfaction of the $275,000 loan. Larson asserts that based on D'Amalfi's promises, he executed a mortgage in the amount of $275,000 due October 1, 1996 in favor of TL&D. The mortgage, which encumbered several parcels of property totaling approximately 318 acres, recites that it was given to secure the note which had been executed in May

1991. The mortgage was filed with the Washington County Recorder's Office on October 30, 1991.

In spring 1992, TL&D commenced liquidation of Pacific Pool's assets. According to TL&D figures from that time period, Larson, Pacific Pool and its related entities owed at least $272,000 to TL&D under the secured note. TL&D sold off or removed most of the secured collateral provided by Pacific Pool, but TL&D did not foreclose on the mortgage. However, in May 1992, Clarica Life Insurance Company ("Clarica") commenced a foreclosure action against MPP on a separate promissory note, mortgage and guaranty. On September 16, 1992, the Washington County court entered default judgment in favor of Clarica against Larson in the amount of $834,110.19 and ordered foreclosure of Larson's property.

In July 1998, Clarica settled with Larson on the default judgment for $25,000. As part of the settlement agreement, Larson provided to Clarica a statement of all of Larson's assets and liabilities. Included on the list of liabilities was the note payable to TL&D, secured by the "house and farm," with a balance due of $335,000. (McGarry Aff. Ex. B.)

In late 1998, TL&D assigned its interest in the mortgage to Amtrust, Incorporated. Amtrust asserts that despite Larson's representations to third parties that he owes on this debt, he has made no attempt as the mortgagor to rectify the delinquency. According to Amtrust, the total amount of outstanding principal and

interest exceeds $464,000. Amtrust filed this lawsuit to collect on the mortgage. Amtrust now moves for summary judgment against Mr. Larson and Ms. Larson and Mr. Larson moves for summary judgment against Amtrust. The court denies Amtrust's motion for summary judgment against Mr. Larson and Ms. Larson and denies Mr. Larson's motion for summary judgment against Amtrust.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Amtrust's Motion For Summary Judgment**

Amtrust moves for summary judgment against defendants Mr. Larson and Ms. Larson. The court considers Amtrust's motion for summary judgment against each defendant in turn.

**A. Mr. Larson**

Plaintiff claims that disclosures made by Mr. Larson from 1993 to 1999 in various financial statements and offers of compromise establish that Mr. Larson has "repeatedly, consistently, and unequivocally represented under oath that the Mortgage held by Plaintiff in this matter on Roger Larson's property is valid and enforceable." (P's Mem. Supp. Mot. Summ. J. at 2.) Defendant Mr. Larson, on the other hand, claims that he never stated that plaintiff's mortgage was valid and enforceable and that he never

relinquished his defenses against the mortgage. (Mem. Law Opp'n P's Mot. Summ. J. at 6.)

Viewing the record in the light most favorable to the nonmoving party, as is required under Fed. R. Civ. P. 56, the court concludes that genuine issues of material fact exist as to plaintiffs' claims against defendant Mr. Larson. In particular, the court finds that a genuine issue of material fact exists concerning the meaning of Mr. Larson's financial disclosures, including his statements about Amtrust's mortgage. Summary judgment is therefore inappropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**B. Ms. Larson**

Defendant Ms. Larson, the mother of Mr. Larson, claims to hold an assignment of mortgage encumbering all parcels of the subject property.[1] Amtrust now seeks summary judgment against Ms. Larson, asserting that Ms. Larson's interest in the property, if it ever existed, has now been extinguished. The court denies summary judgment for Amtrust because the court finds that a material issue

---

[1] On August 8, 1991, Mr. Larson granted the law firm of Robins, Kaplan, Miller & Ciresi ("Robins") a mortgage against the property he owned as payment for litigation services that Robins provided Mr. Larson in an insurance case. After that matter was resolved, Robins decided to liquidate its position. Ms. Larson agreed to purchase Robin's interest in the mortgage for $20,000 in cash and a promissory note in the amount of $15,000. Robins agreed to assign to Ms. Larson its interest in the mortgage. Ms. Larson gave Robins a check for $20,000 on October 22, 1991 for payment of the mortgage.

of fact exists as to the status of Ms. Larson's interest. In particular, a dispute exists as to whether Robins assigned only the mortgage to Ms. Larson and not the guaranty and whether Ms. Larson placed a condition on the mortgage satisfaction which she gave to her son Mr. Larson, retaining the right to recall the satisfaction if Mr. Larson did not get the financing for his mortgages.

**III. Larson's Motion For Summary Judgment**

Defendant Mr. Larson moves for summary judgment against Amtrust, seeking a order finding the following as a matter of law:

> (1) That plaintiff's predecessor in title violated Minnesota Statutes Section 336.9-504 and 336.9-502 and, as a consequence thereof, Minnesota Statutes Section 336.9-507 control,
>
> (2) That plaintiff shall have the burden of proof at trial of establishing that the disposition of collateral was commercially reasonable and
>
> (3) That plaintiff shall have the burden of proof at trial of overcoming the legal presumption that the value of the collateral shipped to Texas or consignment agents elsewhere was equal to the amount of the indebtedness at the time such collateral was taken by plaintiff's predecessor in title.

(Def.'s Reply Mem. at 2.) The court denies defendant's motion for summary judgment because the court concludes that a genuine issue of material fact exists as to whether a Uniform Commercial Code violation occurred.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment against defendant Roger Larson [Docket No. 70] is denied;

2. Plaintiff's motion for summary judgment against defendant Evelyn Larson [Docket No. 70] is denied; and

3. Defendant Roger Larson's motion for summary judgment against plaintiff Amtrust [Docket No. 83] is denied.

Dated: February 22, 2002

David S. Doty, Judge
United States District Court