UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2615 (DSD/SRN)

Amtrust Incorporated, a Wyoming corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

v.

**ORDER**

Roger C. Larson, individually, the United States of America, Evelyn M. Larson, individually, Phalen Park State Bank, Wells Fargo Bank Minnesota, NA (f/k/a Norwest Bank Minnesota, NA) and Clarica Life Insurance Company - US (f/k/a TMG Life Insurance Co.), a North Dakota corporation,

Defendants.

Paul L. Ratelle, Esq., Daniel J. McGarry, Esq. and Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, MN 55402 and Bruce R. Elworthy, Esq., Elworthy & Marshall, 1001, Pioneer, Sheridan, WY 82801.

Chad D. Lemmons, Esq. and Kelly & Fawcett, 444 Cedar Street, Suite 2350, St. Paul, MN 55101.

This matter is before the court upon defendant Roger Larson's motion for a continuance of trial and to allow defendant Larson to call an expert witness. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motion for a continuance of trial and denies defendant's motion to call an expert witness

FILED 8-1-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

**BACKGROUND**

In the court's July 3, 2002 order, the court granted the motion of Stephenson and Sanford, LLC, and attorneys for defendant Roger Larson, permitting them to withdraw as counsel for Roger Larson. The court also ordered that defendant Larson shall have two weeks from July 2, 2002 to find new counsel to represent him in this matter and set a new trial date for August 12, 2002. Defendant Larson retained new counsel on July 27, 2002, and his new counsel now requests the court to extend the date for trial in order to permit his counsel to review the file and prepare for trial. Defendant's counsel also requests the court to permit defendant to call an expert witness to testify about the process, practice and procedure involved in Offer in Compromise negotiations with the Internal Revenue Service.

**DISCUSSION**

Defendant's memorandum supporting its motion for a continuance illustrates that Larson did not comply with the court's July 3, 2002, order because he did not secure new counsel by July 16, 2002.[1] Nevertheless, the court finds that "good cause" exists to

---

[1] In particular, the memorandum provides:

> The undersigned was initially contacted by Attorney Valdis Silins (Defendant Roger C. Larson's prior counsel) on July 16, 2002, and met with Attorney Silins on July 18, 2002 and July 21, 2002. After review of pretrial documentation filed with this court, the undersigned was

(continued...)

continue the trial date for one month. The court, however, also believes that sanctions are warranted in these circumstances because of defendant's failure to comply with the court's July 3, 2002, order. The court therefore holds that defendant Larson will not be permitted to file any additional submissions, including both pretrial and trial motions. Moreover, defendant Larson will not be permitted to call an expert witness to testify regarding the process, practice and procedure involved in Offer in Compromise negotiations with the Internal Revenue Service.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that

1. Defendant Larson's motion for a continuance of trial is granted.

2. Defendant Larson's motion to allow defendant Larson to call an expert witness is denied.

3. Sanctions shall be imposed. Defendant shall not be permitted to file any submissions with the court, including both pretrial and trial motions.

Dated: August 1, 2002

David S. Doty, Judge
United States District Court

[1](...continued)
retained by Defendant Roger C. Larson on July 27, 2002. (Def.'s Mem. in Supp. Mot. For Continuance at 1.)