**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

**CIVIL FILE NO. 00-2615 DSD/SRN**

vs.

**ORDER**

ROGER C. LARSON, individually,
THE UNITED STATES OF AMERICA,
EVELYN M. LARSON, individually,
PHALEN PARK STATE BANK,
WELLS FARGO BANK MINNESOTA, NA
(f/k/a NORWEST BANK MINNESOTA, NA)
and CLARICA LIFE INSURANCE COMPANY - US (f/k/a TMG LIFE INSURANCE CO.)
a North Dakota corporation,

Defendants.

Plaintiff and Defendant Evelyn M. Larson having entered into a Settlement Agreement in the above matter and submitted a Stipulation to the Court for approval of the Settlement Agreement and dismissal of the claims between them and the undersigned, having considered the Stipulation of Plaintiff and Defendant Evelyn M. Larson, hereby orders as follows:

The Settlement Agreement, entered between Plaintiff and Defendant Evelyn M. Larson is hereby **APPROVED**.

All claims which were or could have been asserted between Plaintiff and Defendant Evelyn Larson only are hereby **DISMISSED WITH PREJUDICE AND WITHOUT COST TO EITHER PARTY**.

FILED 9-23-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Dated: September 23 2002

**BY THE COURT:**

Judge David S. Doty
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,
Plaintiff,

vs.

ROGER C. LARSON, individually,
THE UNITED STATES OF AMERICA,
EVELYN M. LARSON, individually,
PHALEN PARK STATE BANK,
WELLS FARGO BANK MINNESOTA, NA
(f/k/a NORWEST BANK MINNESOTA, NA)
and CLARICA LIFE INSURANCE COMPANY - US (f/k/a TMG LIFE INSURANCE CO.)
a North Dakota corporation,

Defendants.

**CIVIL FILE NO. 00-2615 DSD/SRN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff and Defendant Evelyn M. Larson have settled and compromised all claims between them as set forth in a Settlement Agreement, a true and correct copy of which is attached hereto.

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff and Defendant Evelyn Larson, through their undersigned counsel, that the Court may enter an Order approving this Stipulation and the Settlement Agreement as attached hereto.

**IT IS FURTHER STIPULATED AND AGREED,** by and between Plaintiff and Defendant Evelyn Larson, through their undersigned counsel, that any and all claims between Plaintiff and Defendant Evelyn Larson in the above-referenced action, including all claims which were or could have been asserted between them may be dismissed with prejudice and without cost to either party.

**IT IS FURTHER STIPULATED AND AGREED,** by and between Plaintiff and Defendant Evelyn Larson, through their undersigned counsel, that the Court may enter an Order in accordance with this Stipulation.

Dated: September 20, 2002

**FABYANSKE, WESTRA & HART, P.A.**

Paul L. Ratelle (#127632)
920 Second Avenue South
Suite 1100
Minneapolis, MN 55402
(612) 338-0115
ATTORNEYS FOR PLAINTIFF

Dated: September 20, 2002

**Kelly & Fawcett, P.A.**

Chad D. Lemmons (#125039)
2350 US Bancorp Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 224-3781
ATTORNEYS FOR EVELYN LARSON

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (hereinafter the "Agreement") is made and entered into by, between, and among the following parties (hereinafter "the Parties"):

1. EVELYN M. LARSON ("E. M. Larson") and
2. AMTRUST, INCORPORATED, A WYOMING CORPORATION, as Trustee of the Lindana De Bolanos Texas Trust ("Amtrust").

WHEREAS, the Parties wish to compromise, settle, and resolve all disputes between them including, but not limited to, those claims, demands, and causes of action which were asserted or could have been asserted before the Untied States District Court for the District of Minnesota (hereinafter the "Court") in the legal action captioned "AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust v. ROGER C. LARSON, et al" (hereinafter the "Litigation"). The Litigation was commenced in December of 2000 and has been assigned Civil File No. 00-2615 DSD/SRN.

NOW THEREFORE, the Parties agree as follows:

1. E. M. Larson agrees to assign her mortgage interest in certain real property to Amtrust pursuant to the terms of an Assignment of Mortgage, a true and correct copy of which is attached hereto as **Exhibit A** and the terms of which are incorporated herein by reference (capitalized terms not otherwise defined herein being used herein as therein defined ), contemporaneously with her execution of this Settlement Agreement.

2. Upon the occurrence of any of the following three events, Amtrust agrees to reassign to E. M. Larson the Mortgage within ten (10) business days of the occurrence of any such event:

a. There shall be entered in the Litigation a final, non-appealable order entered in the Litigation that the mortgage interest of Amtrust, as alleged in the Litigation by Amtrust, is wholly invalid or void; or

b. Amtrust shall execute a satisfaction of the entirety of its mortgage interest, as alleged by Amtrust in the Litigation, in favor of Roger C. Larson or any of his successors or assigns as to the all the parcels of real property that Amtrust claims in the Litigation to be subject to its mortgage interest; or

c. Roger C. Larson or any lien holder of the real property which is the subject of the Litigation shall redeem its, his or her interest in the subject property such that Amtrust's mortgage lien, as alleged by Amtrust in the Litigation, is satisfied in full.

3. As a condition precedent to the effectiveness of this Agreement, E. M. Larson shall furnish to Amtrust a physician's statement executed before a Notary Public attesting that in the physician's medical opinion E. M. Larson is mentally competent to understand and enter into this Settlement Agreement and such other agreements, assignments or other documents contemplated hereunder.

4. E. M. Larson and Amtrust agree to execute Stipulation to Dismiss With Prejudice and Without Costs to Any Party immediately upon the signing of this Agreement in the form attached hereto as **<u>Exhibit B</u>**.

5. Except as to those obligations set forth in this Settlement Agreement, Amtrust, for itself, its assigns, predecessors, successors in interest, partners, agents and counsel do hereby release, waive and forever discharge E. M. Larson of and from any and all claims, demands, actions, causes of action, obligations, damages, liabilities, losses, costs or expenses (including attorney's

fees) of any kind or nature arising out of, or as a result of, all such claims and disputes arising from any matter, fact or thing done or omitted by E. M. Larson including, without limiting the generality of the foregoing, any claims that were or could have been asserted by Liquidation in the Litigation.

6. Except as to those obligations set forth in this Settlement Agreement, E. M. Larson, for herself and her heirs, assigns, predecessors, successors in interest, partners, agents and counsel, does hereby release, waive and forever discharge Amtrust of and from any and all claims, demands, actions, causes of action, obligations, damages, liabilities, losses, costs or expenses (including attorney's fees) of any kind or nature arising out of, or as a result of, all such claims and disputes arising from any matter, fact or thing done or omitted by Amtrust including, without limiting the generality of the foregoing, those claims which were asserted or could have been asserted by E. M. Larson in the Litigation.

7. This Agreement shall be governed by the laws of Minnesota, shall constitute the entire agreement of the Parties with respect to the matters referred to herein. This Agreement supersedes all prior oral and written agreements, representations, and promises among the Parties. The Parties agree that there are no inducements or representations leading to the execution of this Agreement except as set forth in this Agreement. This Agreement cannot be modified except in writing signed by all of the Parties.

8. In the event of any litigation brought by either party hereto or any non-party seeking to void, cancel, modify, interpret or otherwise challenge this Agreement, said litigation shall only be brought in the United States District Court for the District of Minnesota and in no other forum and/or venue. Any action brought contrary to this provision may be dismissed upon the Motion of any party hereto.

9. This Agreement may be executed in counterparts and each counterpart shall have the same force and effect as the original.

10. The Parties acknowledge that they understand the terms of this Agreement, that they have read this Agreement and the attached exhibits, that they have entered this Agreement voluntarily, and that they intend to be legally bound to the terms hereof. The Parties acknowledge that they have had an opportunity to consult with counsel before signing this Agreement.

11. E. M. Larson and Amtrust agree not to disclose any information relating to the terms of this Agreement except to their own professional advisors or to the extent required by government regulation or legal process.

Dated: September____, 2002

______________________________
Evelyn M. Larson

Dated: September ____, 2002

AMTRUST, INCORPORATED, A
WYOMING CORPORATION, as Trustee
of the Lindana De Bolanos Texas Trust

______________________________
By: Mary Elizabeth Giese
Its: Managing Director

STATE OF )
) ss.
COUNTY OF )

The foregoing instrument was acknowledged before me this ____ day of September, 2002, by Evelyn M. Larson.

Notary

My commission expires ________________.

STATE OF )
) ss.
COUNTY OF )

The foregoing instrument was acknowledged before me this ____ day of September, 2002, by ___________________, the ________________________ of Amtrust, Incorporated, A Wyoming Corporation, as Trustee of the Lindana De Bolanos Texas Trust.

Notary

My commission expires ______________________

EXHIBIT

A

*ASSIGNMENT OF MORTGAGE*

THIS ASSIGNMENT OF MORTGAGE ("**Assignment**") is made as of August ___, 2002 by and between EVELYN M. LARSON ("**Assignor**") and AMTRUST, INCORPORATED, A WYOMING CORPORATION, as Trustee of the Lindana De Bolanos Texas Trust, with an address at c/o Elworthy & Marshall, 1001 Pioneer Road, Sheridan, Wyoming 82801 ("**Assignee**").

***RECITALS:***

WHEREAS, The Assignor claims to mortgage interest from that certain Mortgage (the "**Mortgage**") dated August 7, 1991, executed by Roger C. Larson, as mortgagor, in favor of Robins, Kaplan, Miller & Cirisi, a general partnership, as mortgagee, which mortgage was filed of record on August 8, 1991 in the Office of the County Recorder, Washington County as Document No. 667946, and under an Assignment of Mortgage dated October 23, 1991 and filed of record October 25, 1991 in the Office of the County Recorder, Washington County as Document No as Document No. 674935 covering the real property described as Parcels 1, 2, 3, 4 and 5 in Exhibit A (the "**Property**") attached hereto which has an address, in part, of 22211 Lofton Avenue North, Scandia, Minnesota 55073; and

WHEREAS, Assignor desires to assign her interest under the Mortgage to Assignee and Assignee desires to accept the assignment thereof, subject to the terms and conditions of this Assignment.

***AGREEMENT:***

NOW, THEREFORE, for valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereby agree as follows:

1. Assignor hereby assigns and transfers to Assignee all of her right, title and interest in, to and under the Mortgage, including, without limitation, the right to foreclose, enforce and satisfy said Mortgage, together with all of Assignor's right and interest in the Note, the obligations therein specified and the debt thereby secured.

2. Assignor hereby covenants and warrants that (i) the Assignor is the owner of record of the mortgagee's interest in the Mortgage, and (ii) the Assignor has not done, suffered or caused anything whereby (a) the Property covered by the Mortgage has been encumbered in any way, or (b) the mortgagee's interest in the Premises covered by the Mortgage is, or with the passage of time or the giving of notice, or both, will be in default or encumbered in any way, except in each case with the written consent of Assignee.

3. For purposes of the Mortgage, from and after the date hereof, Assignee's address for notices shall be the address set forth in the recitals hereto. Such address may be changed by notice given in accordance with the Mortgage.

4. This Assignment shall be binding on and inure to the benefit of the parties hereto and their heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, the parties have executed this Assignment of Mortgage as of the date first above written.

ASSIGNOR:

EVELYN M. LARSON

______________________________

ASSIGNEE:

AMTRUST, INCORPORATED, A WYOMING CORPORATION, as Trustee of the Lindana De Bolanos Texas Trust

By: __________________________

Its: __________________________

STATE OF )
) ss.
COUNTY OF )

The foregoing instrument was acknowledged before me this ____ day of August, 2002, by Evelyn M. Larson.

Notary

My commission expires ________________.

STATE OF )
) ss.
COUNTY OF )

The foregoing instrument was acknowledged before me this ____ day of August, 2002, by ____________________, the __________________________ of Amtrust, Incorporated, A Wyoming Corporation, as Trustee of the Lindana De Bolanos Texas Trust.

Notary

My commission expires ________________.

Drafted By:
Fabyanske, Westra & Hart, P.A.
920 Second Avenue South
Suite 1100
Minneapolis, MN 55402

# EXHIBIT A

## Legal Description

### Parcel 1

The North half of the Southeast quarter; the Southwest quarter of the Northeast quarter; and Government Lot 2, except that part of said Government Lot 2 lying North of the town road presently established across said tract, all being in Section 8, Township 32, Range 20; all being subject to existing highway easements and utility easements, Washington County, Minnesota.

### Parcel 2

All that part of the Northeast quarter of the Southwest quarter of Section 8, Township 32, Range 20, Washington County, Minnesota, lying East of the center line of County State Aid Highway No. 1 (Lofton Ave.). According to the United States Government Survey thereof.

### Parcel 3

The North one-half of the Northeast quarter of Section 17, Township 32, Range 20, except a 50 foot strip of land sold to St. Croix Falls Minnesota Improvement Company for its transmission line, and subject to an easement to Northern States Power Company for its transmission line over a 30 foot strip running parallel to the 50 foot right-of-way owned by St. Croix Falls Minnesota Improvement Company, and subject to existing public roadway; Washington County, Minnesota.

### Parcel 4

Commencing in the Southeast corner of Section 8; thence running West 55 rods; thence North 80 rods; thence East 55 rods; thence South 80 rods to the place of beginning, said tract of land being in the East part of the Southeast quarter of the Southeast quarter of Section 8, Township 32 North of Range 20 West, excepting therefrom a strip of land 50 feet wide running across said tract, heretofore conveyed to the St. Croix Falls Minnesota Improvement Company as a right-of-way for their power line, Washington County, Minnesota.

### Parcel 5

That part of the South half of the Southeast quarter of Section 8, Township32 North, Range 20 West, Washington County, Minnesota, lying West of the East 55 rods and that part of the South half of the Southwest quarter of said Section 8, lying East of the center line of County State Aid Highway No. 1, as recorded on September 16, 1968, in the highway easement Book 302 of Deeds on page 422 and described as follows:

Beginning at a point on the South line of Section 8, Township 32 North, Range 20 West, a distance of 20.53 feet West of the South quarter corner of Section 8, said point being engineer's station 52 + 29.84; thence running Northerly on a 2 degree 00 minute curve to the left (central angle of 15 degrees 47 minutes 30 seconds), a distance of 385.41 feet; thence running North 17 degrees 45 minutes 15 seconds West, a distance of 257.63 feet; thence running Northerly on a 3 degrees 00 minute curve to the right (central angle of 31 degrees 16 minutes 45 seconds), a distance of 1042.64 feet and there terminating, subject to the 60 foot right-of-way of County State Aid Highway No. 1 along the Westerly line.

all located within Washington County, Minnesota.

EXHIBIT

B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,
Plaintiff,

vs.

ROGER C. LARSON, individually, THE UNITED STATES OF AMERICA, EVELYN M. LARSON, individually, PHALEN PARK STATE BANK, WELLS FARGO BANK MINNESOTA, NA (f/k/a NORWEST BANK MINNESOTA, NA) and CLARICA LIFE INSURANCE COMPANY - US (f/k/a TMG LIFE INSURANCE CO.) a North Dakota corporation,

Defendants.

**CIVIL FILE NO. 00-2615 DSD/SRN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff and Defendant Evelyn M. Larson have settled and compromised all claims between them as set forth in a Settlement Agreement, a true and correct copy of which is attached hereto.

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiff and Defendant Evelyn Larson, through their undersigned counsel, that the Court may enter an Order approving this Stipulation and the Settlement Agreement as attached hereto.

**IT IS FURTHER STIPULATED AND AGREED,** by and between Plaintiff and Defendant Evelyn Larson, through their undersigned counsel, that any and all claims between Plaintiff and Defendant Evelyn Larson in the above-referenced action, including all claims which were or could have been asserted between them may be dismissed with prejudice and without cost to either party.

**IT IS FURTHER STIPULATED AND AGREED,** by and between Plaintiff and Defendant Evelyn Larson, through their undersigned counsel, that the Court may enter an Order in accordance with this Stipulation.

Dated: September 20, 2002

**FABYANSKE, WESTRA & HART, P.A.**

Paul L. Ratelle

Paul L. Ratelle (#127632)
920 Second Avenue South
Suite 1100
Minneapolis, MN 55402
(612) 338-0115
ATTORNEYS FOR PLAINTIFF

Dated: September 20, 2002

**Kelly & Fawcett, P.A.**

Chad D. Lemmons

Chad D. Lemmons (#125039)
2350 US Bancorp Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 224-3781
ATTORNEYS FOR EVELYN LARSON