UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2615 (DSD/FLN)

Amtrust Incorporated, a Wyoming corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

v.

**ORDER**

Roger C. Larson, individually, the United States of America, Evelyn M. Larson, individually, Phalen Park State Bank, Wells Fargo Bank Minnesota, NA (f/k/a Norwest Bank Minnesota, NA) and Clarica Life Insurance Company - US (f/k/a TMG Life Insurance Co.), a North Dakota corporation,

Defendants,

Paul L. Ratelle, Esq., Michael A. Rosow, Esq. and Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, MN 55402 and Bruce R. Elworthy, Esq., Elworthy & Marshall, 1001, Pioneer, Sheridan, WY 82801, counsel for plaintiffs.

Keith Johnson, Esq. and Johnson Law Office, 247 Third Avenue South, Minneapolis, MN 55415, counsel for defendant Roger C. Larson.

Based upon the evidence adduced at trial and after considering the verdict of the advisory jury, the court makes the following:

FILED 12-18-02
RICHARD D. SLETTEN, CLERK
Judgment Ent d. 12-18-02
Deputy Clerk s Initials ______

**FINDINGS OF FACT**

1. Plaintiff Amtrust, Incorporated is a Wyoming corporation and Trustee of the Lindana Amthor Bolanos Texas Trust ("Amtrust").

2. Defendant Roger C. Larson ("Larson") is an individual resident of the State of Minnesota.

3. Larson is the record owner of certain parcels of real property, encompassing approximately 262 acres, and legally described as follows:

**Parcel 1**

> The North half of the Southeast quarter; the Southwest quarter of the Northeast quarter; and Government Lot 2, except that part of said Government Lot 2 lying North of the town road presently established across said tract, all being in Section 8, Township 32, Ranger 20; all being subject to existing highway easements and utility easements, Washington County, Minnesota.

**Parcel 2**

> All that part of the Northeast quarter of the Southwest quarter of Section 8, Township 32, Range 20, Washington County, Minnesota, lying East of the center line of County State Aid Highway No. 1 (Lofton Ave.). According to the United States Government Survey thereof.

**Parcel 3**

> The North one-half of the Northeast quarter of Section 17, Township 32, Ranger 20, except a 50 foot strip of land sold to St. Croix Falls Minnesota Improvement Company for its transmission line, and subject to an easement to Northern States Power Company for its transmission line over a 30 foot strip running parallel to the 50 foot right-of-way owned by St. Croix Falls Minnesota Improvement

Company, and subject to existing public roadway; Washington County, Minnesota.

**Parcel 4**

Commencing in the Southeast corner of Section 8; thence running West 55 rods; thence North 80 rods; thence East 55 rods; thence South 80 rods to the place of beginning, said tract of land being in the East part of the Southeast quarter of the Southeast quarter of Section 8, Township 32 North of Range 20 West, excepting therefrom a strip of land 50 feet wide running across said tract, heretofore conveyed to the St. Croix Falls Minnesota Improvement Company as a right-of-way for their power line, Washington County, Minnesota.

**Parcel 5**

That part of the South half of the Southeast quarter of Section 8, Township 32 North, Range 20 West, Washington County, Minnesota, lying West of the East 55 rods and that part of the South half of the Southwest quarter of said Section 8, lying East of the center line of the County State Aid Highway No. 1, as recorded on September 16, 1968, in the highway easement Book 302 of Deeds on page 422 and described as follows:

Beginning at a point on the South line of Section 8, Township 32 North, Range 20 West, a distance of 20.53 feet West of the South quarter corner of Section 8, said point being engineer's station 52 + 29.84; thence running Northerly on a 2 degree 00 minute curve to the left (central angle of 15 degrees 47 minutes 30 seconds), a distance of 385.41 feet; thence running North 17 degrees 45 minutes 15 seconds West, a distance of 257.63 feet; thence running Northerly on a 3 degrees 00 minute curve to the right (central angle of 31 degrees 16 minutes 45 seconds), a distance of 1042.64 feet and there terminating, subject to the 60 foot right-of-way of County State Aid Highway No. 1 along the Westerly line.

> all located within Washington County, Minnesota (the foregoing parcels being referred to herein as the "Mortgaged Property").

4. Amtrust holds a lien encumbering the Mortgaged Property created by an assignment of mortgage dated October 28, 1998, and filed October 30, 2000, as Document Number 3127457. The assigned mortgage (the "Amtrust Mortgage") is dated October 30, 1991, and was filed with the Office of the Washington County Recorder that same day as Document Number 675378.

5. Larson is in default of his obligations under the Amtrust Mortgage.

6. Larson owes Amtrust $326,727.48 on the Amtrust Mortgage, which includes a damages award of $108,385.44 and interest due Amtrust under the mortgage.[1]

---

[1] Larson argues that the jury took pre-judgment interest into account when making their determination. The record, however, indicates otherwise. The jury was not instructed on awarding pre-judgment interest and no evidence suggests that they took pre-judgment interest into account in reaching their determination. Instead, it seems obvious that the jury reached its damages determination by relying on two separate dollar amounts, each appearing in different exhibits. The first exhibit is Defendant's Exhibit No. 2, the Notice of Abandonment, prepared by Brian Leonard, Chapter 7 Trustee for the Estate of Minnesota Package Products, Inc. d/b/a Pacific Pool and Patio ("PPP"). The second exhibit, Plaintiff's Exhibit No. 21, is Harry Myer's November 2, 1992, letter to Leonard. In the letter, Myers provided Leonard with an accounting of the liquidation of PPP's personal property. From those two exhibits, the jury extracted Leonard's deficiency calculation of $159,885.44 and Myers' highest projected recovery for the personal property of PPP shipped to Texas of $51,500. The jury then awarded Amtrust the difference between these two amounts, which equals the jury's damage award of $108,385.44. Because it is (continued...)

7. Amtrust is entitled to foreclose the Amtrust Mortgage as provided by law.

8. No action or proceeding at law or in equity is currently pending for the collection of the indebtedness secured by the Amtrust Mortgage.

9. On or about November 29, 2000, Amtrust filed with the Washington County Recorder's office, as Document Number 3131522, a Notice of Lis Pendens regarding the Mortgaged Property and its pending foreclosure action. [Plaintiff's Exhibit 6.]

10. Pursuant to the terms of the Amtrust Mortgage, Larson agreed to pay all of Amtrust's expenses in exercising its rights under the Amtrust Mortgage, including reasonable attorneys' fees. [Plaintiff's Exhibit 4, paragraph 21.]

11. As a result of Larson's default under the Amtrust Mortgage, Larson owes Amtrust under the Amtrust Mortgage as of October 1, 2002, unpaid principal and accrued interest in the amount of $326,727.48, together with "all expenses incurred" by Amtrust in enforcing its rights under the Amtrust Mortgage including, but not limited to, reasonable attorneys' fees.

[1] (...continued)
clear that the jury did not consider pre-judgment interest in reaching its damages award and because Amtrust is entitled to that interest under Minn. Stat. § 549.09, the court awards Amtrust pre-judgment interest.

**CONCLUSIONS OF LAW**

1. Larson is in default of the Amtrust Mortgage.

2. Larson owes Amtrust as of October 1, 2002, unpaid principal and accrued interest in the amount of $326,727.48, together with "all expenses" incurred by Amtrust in enforcing its rights under the Amtrust Mortgage including, but not limited to, reasonable attorneys' fees.

3. Amtrust is entitled to judgment of foreclosure of the Amtrust Mortgage ordering the foreclosure of the Amtrust Mortgage, ordering the amount due under the Amtrust Mortgage, ordering that the Amtrust Mortgage is prior and superior to any right, title or interest of (i) Larson, (ii) and/or any person or other entity filing or asserting any right, title or interest in the Mortgaged Property from and after the filing by Amtrust of its Notice of Lis Pendens (iii) and/or any person or entity (including any person or entity claiming under such person or entity) which has stipulated in this action that its lien on the Mortgaged Property is junior to the mortgage lien of Amtrust under the Amtrust Mortgage or which has otherwise acknowledged that it has no lien or other interest in the Mortgaged Property, and ordering that the Mortgaged Property be sold by the United States Marshal in the manner provided by law in payment of the amount adjudged to be due to Amtrust, together with

interest accruing from and after October 1, 2002, to the date of the marshal's sale and additional expenses incurred by Amtrust in connection with the sale.

**ORDER FOR JUDGMENT**

1. The court denies Amtrust's motion for a new trial.

2. The court's judgment in a civil case, entered on October 7, 2002, is vacated.

3. Judgment of foreclosure of the Amtrust Mortgage and against the Mortgaged Property is hereby entered in favor of Amtrust, and, accordingly, Amtrust is hereby authorized and empowered to foreclose forthwith its mortgage interest in the Mortgaged Property in accordance with the Amtrust Mortgage for the full amount due under the Amtrust Mortgage at the time of the foreclosure sale. As of October 1, 2002, the full amount due under the Amtrust Mortgage, including unpaid principal and accrued interest was $326,727.48, together with all expenses incurred by Amtrust in enforcing its rights under the Amtrust Mortgage including reasonable attorneys' fees. The amount of attorneys' fees and legal expenses incurred by Amtrust shall be established by affidavit of Amtrust's attorneys to be filed and approved by this court in accordance with Local Rule 54.3 of the Local Rules of District of Minnesota and shall be included in the amount due under the Amtrust Mortgage under separate order of this court.

4. The Amtrust Mortgage lien is declared to be a lien on the Mortgaged Property prior and superior to any lien, claim or interest of (i) Larson, (ii) and/or any person or other entity filing or asserting any right, title or interest in the Mortgaged Property from and after the filing by Amtrust of its Notices of Lis Pendens (iii) and/or any person or entity (including any person or entity claiming under such person or entity) which has stipulated in this action that its lien on the Mortgaged Property is junior to the mortgage lien of Amtrust under the Amtrust Mortgage or which has otherwise acknowledged that it has no lien or other interest in the Mortgaged Property. The Mortgaged Property shall be sold by the United States Marshal in one parcel in the manner provided by law, in payment of the amount adjudged due to Amtrust, together with interest on the outstanding balance beginning after October 1, 2002, to the date of the marshal's sale, plus additional costs, disbursements and attorneys' fees of this action and the expenses of said sale.

5. Amtrust shall have judgment barring and foreclosing (i) Larson, (ii) and/or any person or other entity filing or asserting any right, title or interest in the Mortgaged Property from and after the filing by Amtrust of its Notice of Lis Pendens (iii) and/or any person or entity (including any person or entity claiming under such person or entity) which has stipulated in this action that its lien on the Mortgaged Property is junior to the

mortgage lien of Amtrust under the Amtrust Mortgage or which has otherwise acknowledged that it has no lien or other interest in the Mortgaged Property from any and all interest, lien or equity of redemption in the Mortgaged Property, except the right of redemption as provided by Minnesota States Section 581.10.

6. Amtrust, or its representative, shall have the right of access to the Mortgaged Property at any reasonable time for the purpose of conducting an appraisal or otherwise determining its value.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 18, 2002

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.