UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2615 (DSD/FLN)

Amtrust Incorporated, a Wyoming corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

v. **ORDER**

Roger C. Larson, individually, the United States of America, Evelyn M. Larson, individually, Phalen Park State Bank, Wells Fargo Bank Minnesota, NA (f/k/a Norwest Bank Minnesota, NA) and Clarica Life Insurance Company - US (f/k/a TMG Life Insurance Co.), a North Dakota corporation,

Defendants.

Paul L. Ratelle, Esq., Michael A. Rosow, Esq. and Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, MN 55402 and Bruce R. Elworthy, Esq., Elworthy & Marshall, 1001, Pioneer, Sheridan, WY 82801, counsel for plaintiffs.

Keith Johnson, Esq. and Johnson Law Office, 247 Third Avenue South, Minneapolis, MN 55415, counsel for defendant Roger C. Larson.

This matter is before the court upon defendant's motion for amended findings and judgment pursuant to Fed. R. Civ. P. 52(b) and/or Fed. R. Civ. P. 59(e). Based upon a review of the file,

FILED 2-11-03
Richard D Sletten, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

record and proceedings herein, and for the reasons stated, the court denies defendant's motion.

**BACKGROUND**

On October 7, 2002, the court entered judgment in this case in favor of plaintiff Amtrust Incorporated ("Amtrust") and against defendant Roger Larson ("Larson) in the principal amount of $108,385.44. On October 21, 2002, Amtrust filed and served its motion to vacate judgment, for entry of judgment of foreclosure, prejudgment interest and an amendment to the jury's damages award, or, in the alternative, a new trial on damages. In December 2002, the court granted Amtrust's motion in part. In that order, the court vacated the October 7, 2002, judgment, entered a decree of foreclosure and awarded interest on the principal amount as required by the Amtrust mortgage.

On January 3, 2002, Larson filed its motion for amended findings and judgment pursuant to Fed. R. Civ. P. 52(b) and/or Fed. R. Civ. P. 59(e). In that motion, Larson argues that the court's findings and judgment should be amended by establishing the appropriate simple interest rate and the correct starting and ending date for prejudgment interest under Minn. Stat. § 549.09 subd. 1. In response, Amtrust claims that Larson's motion is improperly before the court under Local Rule 7.1(g) and that Larson's motion should be denied on the merits because it fails to

calculate interest according to the Amtrust mortgage. After careful consideration, the court denies Larson's motion.

## DISCUSSION

Larson brings his motion pursuant to Fed. R. Civ. P. 52(b) and Fed. R. Civ. P. 59(e). Fed. R. Civ. P. 52(b) provides in relevant part:

> **Amendment**
>
> On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – any may amend the judgment accordingly.

Rule 52(b) is intended to provide an opportunity to correct manifest errors of law or fact at trial. Clark v. Nix, 578 F. Supp. 1515, 1516 (D. Iowa 1984).

Fed. R. Civ. P. 59(e) provides in relevant part:

> **Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.

Rule 59(e) allows a court to amend or alter judgments to correct manifest errors of law or fact or to take into account newly discovered evidence. See Johnson v. Chater, 108 F.3d 942, 946 (8th Cir. 1997). The Eighth Circuit Court of Appeals has repeatedly stated that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been raised prior to entry of judgment. See Innovative Home

Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998); Garner v. Arvin Indust. Inc., 77 F.3d 255, 258 (8th Cir. 1996).

Motions made under Fed. R. Civ. P. 52(b) and Fed. R. Civ. P. 59(e) "are not intended to relitigate matters already decided by the court...." Ford Motor Co. v. B&H Supply, Inc., 1987 WL 5919 at *2 (D. Minn. 1987). Instead, motions under these rules are designed for the limited purpose of correcting manifest errors of fact or law or presenting newly discovered evidence. Id.

In support of Larson's Fed. R. Civ. P. 52(b) and Fed. R. Civ. P. 59(e) motion, Larson argues that the court should amend its findings and judgment by establishing the appropriate simple interest rate and correcting starting and ending date for prejudgment interest under Minn. Stat. § 549.09, subd. 1. Larson, however, attempts to relitigate prejudgment interest, a matter that the court already decided when ruling on Amtrust's motion to vacate judgment, for entry of judgment or foreclosure, prejudgment interest and an amendment to the jury's damages award, or in the alternative, a new trial on damages.

The parties have already had an opportunity to litigate that issue. In fact, when addressing Amtrust's previous motion, the parties comprehensively briefed the issue of prejudgment interest. Amtrust unambiguously addressed Minn. Stat. § 549.09, subd. 1(b) (2000) and argued that Amtrust was entitled to interest on the

unpaid principal amount at a yearly rate of 13.5 percent. (Rosow Aff. at Ex. A p. 5-6.). Amtrust then proceeded to discuss how to calculate prejudgment interest under the mortgage and Minn. Stat. § 549.09. (Id. at 6-9.)

Larson did not object to Amtrust's argument. Instead, in Larson's memorandum in opposition to Amtrust's motion to vacate judgment, for entry of judgment of foreclosure, prejudgment interest an amendment to the jury's damages award, Larson clearly argued that Amtrust was not entitled to prejudgment interest under Minn. Stat. § 549.09 and emphasized that "plaintiff [was] entitled to interest on the unpaid principal amount at a yearly rate of 13.5%...." (Def.'s Mem. Opp'n P.'s Mot. to Vacate J., for Entry of J. of Foreclosure, Pre-J. Interest at 8.) Larson's memorandum further provided:

> Since the contract provides for interest, the prejudgment interest statute does not apply. The mortgage between the parties controlled the award of interest and thus any award must be pursuant to the terms of the mortgage, as submitted to the jury, rather than pursuant to the prejudgment interest statute. Thus, it would be improper for the court to amend the judgment to include prejudgment interest under Minn. Stat. § 549.09 subd. 1(b).

(Id. at 8-9.) Larson cannot now use Fed. R. Civ. P. 52(b) and 59(e) motions to relitigate the issue of prejudgment interest.[1]

---

[1] Because Larson is relitigating matters already decided by the court, Larson's motion is more appropriately construed as a motion for reconsideration, which is governed by Local Rule 7.1(g). (continued...)

Moreover, Larson's motion also fails under the doctrine of judicial estoppel. Larson's current position that Minn. Stat. § 549.09 applies is directly opposite to Larson's previous position that the contract governs prejudgment interest. (Def.'s Mem. Opp'n P.'s Mot. to Vacate J., for Entry of J. of Foreclosure, Pre-J. Interest at 8-9.) Larson is prohibited from taking inconsistent positions in the same or related litigation. Pickens v. Soo Line R.R. Co., 264 F.3d 773, 779 (8th Cir. 2001)(citation omitted); United States v. Trans. Admin. Servs., 260 F.3d 909, 917 (8th Cir. 2001); Houssaini v. Mo. Med. Ctr., 140 F.3d 1140, 1142 (8th Cir. 1998)(citation omitted). The court therefore denies Larson's motion for amended findings and judgment pursuant to Fed. R. Civ. P. 52(b) and/or Fed. R. Civ. P. 59(e) because Larson cannot relitigate matters already decided by the court under Fed. R. Civ. P. 52(b) or Fed. R. Civ. P. 59(e) and because Larson is precluded from taking his current position under the doctrine of judicial estoppel.[2]

---

[1](...continued)
Larson, however, has failed to comply with that Local Rule.

[2] If the court were to reach the merits of the motion, which the court does not, the court would conclude that Larson has presented no evidence of manifest errors of fact or law.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for amended findings and judgment pursuant to Fed. R. Civ. P. 52(b) and/or Fed. R. Civ. P. 59(e) [Docket No. 188] is denied.

Dated: February 11, 2003

David S. Doty, Judge
United States District Court