UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2615(DSD/FLN)

Amtrust Incorporated, a Wyoming corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

v.

**AMENDED ORDER**[1]

Roger C. Larson, individually, the United States of America, Evelyn M. Larson, individually, Phalen Park State Bank, Wells Fargo Bank Minnesota, NA (f/k/a Norwest Bank Minnesota, NA) and Clarica Life Insurance Company - US (f/k/a TMG Life Insurance Co.), a North Dakota corporation,

Defendants.

Paul L. Ratelle, Esq., Michael A. Rosow, Esq. and Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, MN 55402 and Bruce R. Elworthy, Esq., Elworthy & Marshall, 1001, Pioneer, Sheridan, WY 82801, counsel for plaintiffs.

Keith Johnson, Esq. and Johnson Law Office, 247 Third Avenue South, Minneapolis, MN 55415, counsel for defendant Roger C. Larson.

This matter is before the court upon the objections of defendant Roger C. Larson ("Larson") and the objections of plaintiff Amtrust, Inc. ("Amtrust") to the report and

[1] This order is amended to reflect the court's consideration of Amtrust, Inc.'s objections to the report and recommendation.

JUN 11 2003
FILED ______
Richard D. Sletten, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

recommendation of United States Magistrate Judge Franklin L. Noel, dated May 7, 2003. Larson objects to the report and recommendation on two grounds, claiming that the court should limit attorneys' fees to 10 percent of the amount due and that plaintiff Amtrust, is not entitled to attorneys' fees for associates and paralegals of the Fabyanske firm because the claim was not supported by an affidavit. Amtrust also objects to the report and recommendation, claiming that the report and recommendation fails to award or otherwise address the $23,402.52 in expenses paid by Amtrust through the law firm of Elworthy & Marshall ("the Elworthy firm") and that the report and recommendation fails to award or otherwise address the $15,290 in work performed by Fabyanske, Westra, & Hart, P.A. ("the Fabyanske law firm"). After de novo review, the court adopts the magistrate judge's report and recommendation in part and modifies the order in part.

First, the court agrees with the magistrate judge's determination that "the secured note does not otherwise limit the attorneys' fees to be awarded to Amtrust." (Report and Recommendation at 5.) As the magistrate judge explained, the secured note stated that if proceedings were instituted on the note for collection, then Larson would pay all costs of collection and enforcement, "including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise."

Amtrust pleaded otherwise in its motion for attorneys' fees. Therefore, the award of attorneys' fees is not limited to 10 percent of all amounts due.

After reviewing the record, the court also agrees with the magistrate judge's conclusion that Amtrust is entitled to fees of $311,316.90, which includes fees for associates and paralegals of the Fabyanske law firm. The court also finds that Amtrust is not entitled to an award of $23,402.52 in expenses paid by Amtrust through the Elworthy firm. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Plaintiff has produced evidence of the hours worked and rates claimed by the Fabyanske law firm. However, as the magistrate judge explained, because the Elworthy firm did not provide an affidavit itemizing their costs and fees, plaintiff has produced inadequate evidence of the costs and fees paid through the Elworthy firm. Therefore, plaintiff is entitled to recover those fees and expenses for associates and paralegals of the Fabyanske law firm but not the fees and costs that Amtrust incurred through the Elworthy firm.

Finally, Amtrust is entitled to recover the $15,290 in work performed by the Fabyanske firm between November 16, 2002 and January 30, 2003. To support its claim for those fees, Amtrust

filed the supplemental affidavit of Paul L. Ratelle, which included exhibit 10, itemizing attorneys' fees from November 16, 2002 to January 30, 2003. Amtrust filed that affidavit along with its reply memorandum on February 7, 2003. While Larson cites Local Rule 7.1(b)(1)(C) to support his contention that the supplemental affidavit is improper, Local Rule 7.1(b)(1)(C) explicitly states: "This rule does not govern post-trial or post-judgment motions." (emphasis supplied.) Because Amtrust submits adequate evidence "supporting the hours worked and rates claimed," Hensley, 461 U.S. at 437, between November 16, 2002, and January 30, 2003, Amtrust is entitled to recover the $15,290 for worked performed by the Fabyanske firm.

Accordingly, after de novo review, **IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorneys' fees [Doc. No. 192] is granted in part and denied in part as follows:

1. To the extent that the motion requests fees incurred by the Elworthy firm, the motion is denied. Amtrust is not entitled to the $102,998 in fees and costs attributed to the Elworthy firm.

2. To the extent that the motion seeks fees for investigating whether the mortgage was paid by Larson to TLD, the motion is denied because the investigations were not in pursuit of remedies under the mortgage but investigating the knowledge of one

of TLD's deceased accountants. $9,338.75 of the fees requested in the Ratelle affidavit will be deducted from the award of attorneys' fees.

3. To the extent that the motion requests reimbursement for costs, the motion is granted in part and denied in part. Amtrust is granted the requested costs, but not for charges for computerized research.

4. In all other respects, the motion is granted. Amtrust is entitled to costs and fees in the amount of $350,065.94

Dated: June 10, 2003

David S. Doty, Judge
United States District Court