**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

vs.

ROGER C. LARSON, individually,

Defendant.

**CIVIL FILE NO. 00-2615 DSD/FLN**

**MEMORANDUM IN SUPPORT OF PLAINTIFF AMTRUST, INC.'S, MOTION FOR AN AWARD OF ATTORNEYS' FEES**

Plaintiff Amtrust, Inc. ("Amtrust") submits this memorandum in support of its Motion for an Award of Attorneys Fees pursuant to the Court's Order of December 18, 2002.

**FACTUAL BACKGROUND**

As the factual background of this case is well known to the Court, this memorandum will not dwell on the factual events leading up to this second application for fees. In Amtrust's earlier application for attorneys' fees, this Court awarded Amtrust the sum of $350,065.94 for the period ending January 30, 2003. *See*, Exhibit A to the Affidavit of Paul L. Ratelle ("Ratelle Affidavit").

The instant motion seeks an award of fees and expenses for the period form January 30, 2003 through March 31, 2005, as provided in this Court's Order of foreclosure dated December 18, 2002 (the "Foreclosure Order"). Under the Foreclosure Order, Amtrust is entitled to recover "additional costs, disbursements and attorneys' fees for this action" up to the date of the marshal's foreclosure sale. Foreclosure Order, ¶ 4, p.8. Further, Amtrust must in its notice of mortgage foreclosure sale specify "the amount claimed to be due on the mortgage on the date of the notice." Minn. Stat. § 580.04(3). Because the Foreclosure Order expressly provides that

Amtrust is to recover "additional costs, disbursements and attorneys' fees," Amtrust makes this motion so that its foreclosure notice comports with Minnesota statutes. As to the factual basis for Amtrust's motion, the Court is directed to the Ratelle Affidavit. The Ratelle Affidavit and the accompanying exhibits set forth requests that the Court award Amtrust "additional costs, disbursements and attorneys' fees" in the amount of $61,950.09.

**LEGAL ANALYSIS**

**I. Standard for Determining Fees Under the Amtrust Mortgage**

While there is no precise formula for determining a reasonable amount of attorneys' fees in any given matter, courts across the country and particularly in this circuit have tended to use a similar process in ascertaining a reasonable amount to award as attorneys' fees. This process begins with the "lodestar" amount, calculated by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001); *Westendorp v. Independent School District No. 273*, 131 F. Supp.2d 1121, 1224-25 (D. Minn. 2000).

In determining "the number of hours reasonably expended on the litigation," fees generally may not be awarded for work on unsuccessful claims that are "distinct in all respects" from the successful claims. *Catlett v. Missouri Highway and Transportation Commission*, 828 F.2d 1260, 1270 (8th Cir. 1987), *cert denied*, 485 U.S. 1021 (1998); *citing Hensely*, 461 U.S. at 440. An award should not, however, "be reduced merely because a party did not prevail on every theory raised in the lawsuit." *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 806 (8th Cir. 1993) (quoting *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991)). Instead, where a party prevails in obtaining the major part of the relief sought or achieves what can be classified as an excellent result, that party should recover a fully compensatory fee. *Hensley*, 461 U.S. at 435. A significant portion of the fees in this motion pertain to the appeals in this case. Although Amtrust did not prevail on the issues it appealed to the 8th Circuit Court of Appeals, it did

successfully defend the appeal taken by Defendant Larson, who initiated the appeals in this case. Moreover, the Foreclosure Order does not suggest the disallowance of fees based upon whether Amtrust fully succeeded in the actions for which fees and expenses were incurred by Amtrust. On balance, however, the judgment of foreclosure in the amount of $676,793.42 affirmed on appeal cannot be said to be an unsuccessful outcome for Amtrust. In other words, although Amtrust may not have succeeded on all of its claims on appeal, it did succeed sufficiently in the appellate process such that this Court should grant Amtrust's motion.

Furthermore, in determining what constitutes a "reasonable hourly rate," the court must consider the "ordinary fee for similar work in the community." *Baufeild v. Safelite Glass Corp.*, 831 F. Supp. 713, 721 (D. Minn. 1993) (quoting *Gopher Oil Co, Inc. v. Union Oil Co. of California*, 757 F. Supp. 998, 1008 (D. Minn. 1991), *remanded in part*, 955 F.2d 519 (8th Cir. 1992). These rates are consistent with the rates this Court previously approved in its earlier Order awarding fees and costs to Amtrust. Hence the resulting fees should be found to be reasonable by this Court.

**III. Reasonableness of the Fee Request in this Case**

In addition to the actual time charges being reasonable in this matter, the hourly rate charged is and was reasonable considering the "ordinary fee for similar work in the community." *Baufeild*, 831 F. Supp. at 721. The time charges reflected in the billings of Fabyanske, Westra, Hart & Thomson, P.A. (the "Firm") were charged by the Firm at its normal hourly rates, rates which during the time of the charges at issue in this case were charged by the Firm to other clients involved in similar legal matters. (Ratelle Affidavit ¶¶ 4-8.)

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order amending the Foreclosure Order to include all expenses incurred by Amtrust in enforcing its rights under the Amtrust Mortgage including reasonable attorneys' fees.

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

Dated: April 28, 2005 By s/ Paul L. Ratelle

Paul L. Ratelle (#127632)
800 LaSalle Avenue
Suite 1900
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR PLAINTIFF**