**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

**CIVIL FILE NO. 00-2615 DSD/SRN**

AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

**AFFIDAVIT OF PAUL L. RATELLE**

vs.

ROGER C. LARSON, individually,

Defendant.

---

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Paul L. Ratelle, being first duly sworn on oath, deposes and states as follows:

1. Under the Order of this Court dated December 18, 2002 (the "Foreclosure Order"), Plaintiff AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust ("Amtrust") is entitled to "additional costs, disbursements and attorneys' fees of this action." Under the Amended Order of this Court dated June 10, 2003, the Court awarded Amtrust "costs and fees in the amount of $350,065.94" for the period ending January 30, 2003. *See*, Amended Order attached hereto as **Exhibit A**. By Amtrust's present motion, it seeks to recover additional costs, disbursements and attorneys' fees of this action" for the period after January 30, 2003 through March 31, 2005.

2. The Foreclosure Order also provides:

> The Mortgaged Property shall be sold by the United States Marshal in one parcel in the manner provided by law, in payment of the amount adjudged due to Amtrust, together with interest on the

> outstanding balance beginning after October 1, 2002, to the date of the Marshal's sale, **plus additional costs, disbursements and attorneys' fees of this action** and the expenses of said sale.

(Emphasis added.) Foreclosure Order, ¶ 4, p.8.

3. Furthermore, in order for Amtrust to foreclosure its mortgagee's interest in the "Mortgaged Property," it is must, among other things, publish a notice of mortgage foreclosure. Minn. Stat. § 580.03. This notice must contain certain specified information including the amount Amtrust claims is due on the Mortgage as of the date of the notice of foreclosure sale. Minn. Stat. § 580.04(3). Because the Foreclosure Order entitles Amtrust to recover "additional costs, disbursements and attorneys' fees of this action" through the date of the foreclosure sale and, further, because the Court has previously awarded Amtrust attorneys' fees and expenses only through January 30, 2003, Amtrust brings the instant motion to recover "additional costs, disbursements and attorneys' fees of this action" through January 30, 2003 through March of 2005.

4. The Foreclosure Order also provides that the amount of attorneys' fees and legal expenses incurred by Amtrust is to be established by an affidavit of Amtrust's attorneys. Attached hereto as **Exhibit B** is a detailed itemization of time charges charged by Fabyanske, Westra, Hart & Thomson, P.A. (the "Firm") in connection with this action. These time charges were charged by the Firm at its normal hourly rates, rates which during the time of the charges at issue in this case were charged by the Firm to other clients involved in similar legal matters. Attached hereto as **Exhibit C** is a detailed itemization of disbursements and/or expenses incurred by the Firm and charged to Amtrust in connection with this action. These disbursements and/or expenses constitute out-of-pocket expenses and/or disbursements paid by the Firm on behalf of Amtrust and

reimbursed by Amtrust to the Firm and were incurred by the Firm in connection with this action.

5. The time charges identified in the attached **Exhibit B** are based upon the computerized listing of "work in process" from which the Firm routinely prepares billing statements it submits to its clients for payment. This listing derives from billing records created by each billing timekeeper as to the amount of time each timekeeper spent on the specified activity, which is also described by these timekeepers. I have reviewed this computerized listing of "work in process" and have confirmed that the time charges recorded and charged to Amtrust were incurred in connection with this action including the review of court orders, preparation for motions, discussions of settlement with attorneys for Defendant Larson, review of land records, reports and other documentation relating to the Mortgaged Property and the handling of appeals of this Court's orders before the 8th Circuit Court of Appeals.

6. All time charges identified in the attached **Exhibit B** were performed by affiant, a partner of the Firm, one associate and two different paralegals of the Firm at the hourly rates regularly charged by the Firm. Each billing timekeeper is identified on the first page of the attached **Exhibit B**; the time charges for work performed by each billing timekeeper is set forth in **Exhibit B** together with a description of the work performed. The hourly rates charged by the Firm for the same timekeepers to Amtrust are the same rates charge to other clients during the period of time at issue for purposes of this motion. These hourly rates for the period of January 2003 through March 2005 range between $75 to $98 per hour for paralegals; $175 to $180 per hour for associates and $260 to $305 for my time.

7. The time charges of the Firm for the period of January 30, 2003 through March 31, 2005 amount to $58,184.70.

8. In addition to the foregoing, application is also made for expenses incurred in connection this matter. Total expenses of $3,765.39 incurred by the Firm and charged to Amtrust are set forth in **Exhibit C** attached hereto.

Further your affiant sayeth not.

s/ Paul L. Ratelle
Paul L. Ratelle

Subscribed and sworn to before me
this 28 day of April, 2005.

s/ Mary Allen
Notary Public