**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

AMTRUST, INCORPORATED, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

vs.

ROGER C. LARSON, individually,

Defendant.

**CIVIL FILE NO. 00-2615 DSD/FLN**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 67**

Amtrust, Incorporated, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust ("Amtrust") submits this memorandum in opposition to Defendant Roger Larson's ("Larson") motion for payment of judgment.

Amtrust does not challenge Larson's calculation of post-judgment interest. Indeed, the method and manner of calculating post-judgment interest has been a matter of extensive discussion between counsel for the parties.

Amtrust, however, does object to limiting Larson's obligation to pay the judgment amount to principal and interest accrued to date exclusive of Amtrust's further right to include within the judgment additional attorneys' fees and expenses as set forth in Amtrust's separate motion for attorneys' fees and expenses. Consequently, to the extent that Larson's motion fails to take into account these additional sums, his motion must be denied.

Further, one of the conditions sought by Larson in connection with his motion is the "provision of a satisfaction of mortgage to Vermillion State Bank." In discussions between counsel for the parties, Larson appears to be looking for a mortgage satisfaction which Amtrust

can deliver to Larson's counsel, rather than to Vermillion State Bank, upon Larson's tender of full payment. With that clarification, and subject to this Court's award of attorneys' fees and expenses to Amtrust, there would be no reason why, upon Larson's tendering to Amtrust the judgment amount, inclusive of additional attorneys' fees and costs as well as post-judgment interest up to the date of payment, Amtrust would not provide both a satisfaction of judgment and a satisfaction of mortgage to Larson's counsel and, thereby, relieve the Court of the administrative burden of handling funds in connection with this matter. Consequently, Amtrust further objects to Larson's motion to the extent that any order permitting the depositing of funds into Court does not condition payment into Court upon the parties' failure to make appropriate tenders in connection with this matter.

**FABYANSKE, WESTRA, HART &**
**THOMSON, P.A.**

Dated: May 5, 2005 By s/ Paul L. Ratelle

Paul L. Ratelle (#127632)
800 LaSalle Avenue
Suite 1900
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR PLAINTIFF**