**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

-------------------------------------------------------

Court File No. 00-2615 DSD/FLN

Amtrust, Incorporated, a Wyoming Corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

vs.

Roger C. Larson,

Defendant.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF AMTRUST, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

-------------------------------------------------------

**I. This court should deny plaintiff's motion for an award of attorneys' fees based on plaintiff's failure to comply with the requirements of Local Rule 54.03.**

Plaintiff's motion is untimely under Minn. Local R. Fed P. 54.3 which provides in part:

> (b) In all…cases in which attorneys' fees are sought [other than under the Equal Access to Justice Act], the party seeking an award of fees shall:
>
> (1) within thirty days of entry of judgment in the case, file and serve an itemized motion for the award of fees;….

The Eighth Circuit denied plaintiff and defendant's appeal on November 4, 2004. The Eighth Circuit denied defendant's Petition for Rehearing on December 14, 2004. The Eighth Circuit issued its mandate returning jurisdiction to this court on December 28, 2004.

This motion is manifestly untimely and has been brought despite repeated efforts by defendant to pay the judgment. This court's order dated December 18, 2002 stated that any claim for attorneys' fees and expenses be filed in accordance with Local Rule 54.3. All pertinent issues were resolved at the appellate level and plaintiff had an obligation to bring a timely motion for attorneys' fees thereafter.

Plaintiff's motion is untimely and defendant has been prejudiced by the continuing assessment of post-judgment interest, despite defendant's willingness to pay. Accordingly, plaintiff's motion for an award of attorney fees and expenses should be denied.

**II. The mortgage merged with and has been terminated by the foreclosure judgment entered and no language in the mortgage reflects the party's intent that the defendant's obligation to pay attorneys' fees and expenses survives the merger.**

**A. Plaintiff's claim for attorneys' fees and expenses is made under the terms of the mortgage.**

A litigant may recover attorneys' fees "if specifically authorized by contract or statute." See Vickle v. C.W. Scheurer & Sons, Inc., 556 N.W.2d 238, 242 (Minn. Ct. App. 1996); see also Chicago Title Insurance Company v. FDIC, 172 F.3d 601, 604-05 (Eighth Cir. 1999).

In this case, the mortgage provided as follows:

> 21. …If the default is not cured on or before the date specified on the notice, lender at its option may require immediate payment in full of all sums secured by the security instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees.

**B. Plaintiff pursued a mortgage foreclosure by action to a judgment on December 18, 2002 and an order amending the judgment on June 10, 2003.**

As its remedy under Minnesota Law, plaintiff pursued a foreclosure by action to judgment. Under Minnesota Law, in a foreclosure by action, judgments are governed by Minn. Stat. § 581.03 which provides:

> Judgments shall be entered, under the direction of the court, adjudging the amount due, with costs and disbursements, and the sale of the mortgaged premises, or some part thereof, to satisfy such amount, and directing the sheriff to proceed to sell the same according to the provisions of law relating to the sale of real estate on execution, and to make report to the court.

The Minnesota foreclosure statutes consistently describe the foreclosure judgment as a final judgment entered. The Minnesota Supreme Court has described a foreclosure decree as a

final judgment when determining its effect on other proceedings. Smud v. Amidon, 7 N.W.2d 776, 778 (Minn. 1943) (mechanics lien); Fiman v. Hagedorn, 242 N.W.2d 292, 294 (Minn. 1932) (bankruptcy). Thus, a final judgment has been entered in this matter.

**C. The mortgage has been merged into the judgment and any claim for attorney fees and expenses under the mortgage has been extinguished.**

According to the historical rule expressed by courts in equity, when a debt is secured by a mortgage, the contract merges into and terminates at the time of the foreclosure judgment. See Beeler v. American Trust Co., 170 P.2d 439, 442 (Cal. 1946); Whitehurst v. Camp, 699 So.2d 679, 683-684 (Fla. 1997); 55 Am.Jur.2d Mortgages Sec. 711 (1996). When a lawsuit on a contractual claim has been reduced to a final judgment, all of the prior contractual rights are merged into and extinguished by the monetary judgment, and thereafter the prevailing party has only those rights as set forth in the judgment itself. In re Roach, 824 F.2d 1370, 1377 (3d Cir. 1987); Production Credit Association v. Laufenberg, 420 N.W.2d 778 (Wis. App. 1988); Kaine & Weiner v. Barker, 713 P.2d 1133 (Wash. 1986); Chelios v. Kaye, 268 C.R. 38 (Cal. App. 1990); Doerr v. Schmitt, 31 NE2d 971 (Ill. 1941); Hales v. Snowden, 105 P.2d 1015 (Cal. App. 1940); Citizens Bank of Windsor v. Landers, 570 S.W. 2d 756 (Mo. Ct. App. 1978). Coughlin v. Blair, 262 P.2d 305 (Cal. 1953); Restatement (2nd) **Judgments** Sec. 18, com. a. (1982)

Merger is the substitution of rights and duties under the judgment for those under the agreement sued upon. The mortgage is merged into the final judgment, the mortgage contract is extinguished and rights upon the judgment are substituted for it. See Restatement (2nd) of **Judgments** Sec. 18 cmt. a (1982).

The doctrine of merger under Minnesota law entitles a mortgagee post-judgment interest rather than the rate specified in the mortgage. See Minnwest Bank Central v. Flaship Properties,

LLC, et al, 689 N.W. 2d 295 (Minn. App. 2004). Because the mortgage merges into the judgment, its terms specifying the contractual interest rate no longer exists to bind the parties.

Similarly, in this case, the mortgage's terms relating to payment for attorneys' fees and expenses have been extinguished. The only exception to this doctrine is if the mortgage clearly evidences the intent to preserve the effectiveness of such an obligation post-judgment or an appeal. RPR Landholding Partnership v. Safeway Stores, Inc., 879 P.2d 186 (Ore. 1999).

In this case, the exception does not exist. The mortgage does not require defendant to pay attorneys' fees and expenses following the merger of the mortgage into the judgment or on appeal. No language appears in the mortgage indicating the party's intent to preserve the debtor's obligation to pay attorneys' fees and expenses after the judgment or on appeal.

Although additional proceedings may be needed after a judgment of foreclosure has been entered, the rights of the party under the mortgage have been adjudicated. Accordingly, merger has taken place so that plaintiff may not claim attorneys' fees and expenses after the amended judgment in this matter.

**III. Attorney fees and expenses for plaintiff's appeal from the judgment are not reasonable or properly allowed.**

If attorneys' fees on appeal are awarded, plaintiff should be limited only to those fees in defending the judgment against defendant's appeal, but not plaintiff's attorney fees for their own unsuccessful appeal. Plaintiff's appeal was denied and thus plaintiff was not a prevailing party on its appeal. It would not be reasonable to award attorneys' fees for plaintiff's unsuccessful appeal from the judgment. If a party is not successful on the appeal, an award of attorneys' fees for the appeal would not be reasonable or proper.

**IV. The claim for attorneys' fees and expenses is unsubstantiated, excessive and unreasonable.**

Plaintiff supports his claim for attorneys' fees only through the Affidavit of Paul L. Ratelle. The other attorney and paralegals purportedly working on this case did not submit Affidavits. Thus, plaintiff's applications for fees is not properly substantiated. Moreover, no substantiation is provided for the photocopy expenses claimed.

This court should carefully scrutinize the reasonableness of the number of hours expended on this matter when awarding attorneys' fees. Defendant's attorney spent 87 hours on the appeal (Affidavit of Don C. Aldrich). In comparison, Mr. Ratelle's affidavit indicates that at least 180 hours were spent on the appeal. Billing such an extraordinary amount of time is patently unreasonable.

Such a large claim for attorneys' fees certainly gives rise to a suspicion of unreasonableness, and demonstrates little, if any, billing judgment. Awarding such extensive and unsubstantiated fees and expenses to plaintiff would be both unreasonable and an abuse of discretion.

## CONCLUSION

By failing to timely seek attorneys' fees within thirty days of the mandate from the Eighth Circuit, plaintiff waives any right to seek additional attorneys' fees and expenses.

Further, plaintiff is not entitled to additional attorney fees and expenses because the mortgage so providing has been merged in the judgment and any claim under the mortgage has thus been extinguished and terminated. The judgment extinguishes all further contractual rights, including the contractual attorney fees clause. Under the mortgage, any obligation to pay attorney fees and expenses ceases to be viable or enforceable upon entry of the amended

judgment on the mortgage. Thus, there is no basis for awarding fees based on the extinguished mortgage.

In the event this court decides to award attorneys' fees, attorneys' fees should not be awarded for plaintiff's unsuccessful appeal from the judgment. From Mr. Ratelle's Affidavit, it appears that plaintiffs billed for their appeal from the judgment from August 7, 2003 through January 26, 2004 in the amount of $26,634. This sum should not be allowed or awarded.

Finally, this court should carefully scrutinize plaintiff's motion. They are simply billing too much time for the work performed, and have not fully substantiated their claim for attorneys' fees and expenses. This court should substantially reduce or deny plaintiff's claim on that basis.

**KEITH D. JOHNSON, P.L.L.C.**

Dated: May 6, 2005

s/ **Keith D. Johnson**

Keith D. Johnson, ID #51226
Attorney for Defendant
Barristers Trust Building
247 Third Avenue South
Minneapolis, Minnesota 55415
Phone: (612) 341-2525
Fax: (612) 341-0116