UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2615 (DSD/FLN)

Amtrust Incorporated, a Wyoming corporation, as Trustee of the Lindana Amthor Bolanos Texas Trust,

Plaintiff,

v. **ORDER**

Roger C. Larson, individually,

Defendant.

Paul L. Ratelle, Esq., Michael A. Rosow, Esq. and Fabyanske, Westra & Hart, 920 2nd Avenue South, Suite 1100, Minneapolis, MN 55402, counsel for plaintiffs.

Keith Johnson, Esq. and Johnson Law Office, 247 Third Avenue South, Minneapolis, MN 55415, counsel for defendant Roger C. Larson.

This matter is before the court upon plaintiff's motion for an award of attorneys' fees and upon defendant's motion to deposit payment on judgment pursuant to Federal Rule of Civil Procedure 67. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiff's motion and grants defendant's motion.

**BACKGROUND**

In 1998, plaintiff Amtrust, Inc., ("Amtrust") became the mortgagor for five parcels of land owned by defendant Roger Larson

("Larson"). Defendant defaulted on his obligations under the mortgage and, following a trial, this court entered judgment of foreclosure for plaintiff. (Order of Foreclosure at 6.) The court authorized plaintiff to foreclose its mortgage interest in the amount of $326,727.48 on December 18, 2002. (Id.) The order of foreclosure stated:

> [t]he Mortgaged Property shall be sold by the United States Marshal in one parcel in the manner provided by law, in payment of the amount adjudged due to Amtrust, together with interest on the outstanding balance beginning after October 1, 2002, to the date of the marshal's sale, plus additional costs, disbursements and attorneys' fees of this action and the expenses of said sale.

(Id. at 8.)

The order of foreclosure required that the amount of costs and attorneys' fees be established by plaintiff's attorneys by affidavit in accordance with Rule 54.3 of the Local Rules of the United States District Court for the District of Minnesota. (Id. at 7.) By the amended order of June 11, 2003, the court awarded $350,065.94 to plaintiff for costs and attorneys' fees accrued from the date of foreclosure until January 30, 2003. (Attorneys' Fees Order at 5.)

Following the June 11, 2003, amended order, defendant Larson filed an appeal with the Eighth Circuit Court of Appeals and plaintiff Amtrust filed a cross-appeal. On November 4, 2004, the Court of Appeals affirmed the judgments of this court. Amtrust

Inc. v. Larson, 388 F.3d 594, 596 (8th Cir. 2004) (reh'g denied Dec., 14 2004). The Eighth Circuit returned jurisdiction to this court on December 28, 2004. (8th Cir. Mandate.)

Defendant brought his instant motion on April 18, 2005, seeking to make payment to the court in the amount of the December 18, 2002, judgment, post-judgment interest, and the award of attorney's fees made on June 11, 2003. On April 28, 2005, plaintiff brought its instant motion for the award of attorneys' fees relating to the parties' appeals to the Eighth Circuit Court of Appeals.

## DISCUSSION

### I. Plaintiff's Motion for Attorney's Fees and Costs

Plaintiff Amtrust contends that it is entitled to the costs and attorneys' fees expended in relation to the parties' appeals to the Eighth Circuit Court of Appeals. A litigant may recover attorneys' fees only if specifically authorized by contract or statute. See Chicago Title Ins. Co. v. FDIC, 172 F.3d 601, 604-05 (8th Cir. 1999) (citations omitted). Both the Eighth Circuit Court of Appeals and the District of Minnesota have local rules dictating the required procedure for a party to recover attorneys' fees and costs following a final judgment in a civil action. Eighth Circuit Rule of Appellate Procedure 47C states that "[a] motion for attorney fees, with proof of service, must be filed with the clerk

within 14 days after the entry of judgment." 8th Cir. R. 47C. District of Minnesota Local Rule 54.3(b)(1) requires that in all cases not governed by the Equal Access to Justice Act, the party seeking an award of attorneys' fees shall serve an itemized motion for the award of fees within 30 days of the entry of judgment. D. Minn. L.R. 54.3. Local Rule 54.3(b)(2) also allows a party to serve a notice of intent to claim attorneys' fees within 15 days after the entry of judgment. Id. Subsection 54(b)(3) further allows the court, for good cause shown, to excuse the failure of a party to comply with the time limits imposed for filing. Id.

The Eighth Circuit affirmed the judgments of this court on November 4, 2004. Plaintiff filed its instant motion on April 28, 2005. Even if the Circuit Court's mandate of December 28, 2004 is considered the final judgment for purposes of this motion, plaintiff missed Eighth Circuit Rule 47C's 15 day filing deadline by over three months.

The Eighth Circuit Court of Appeals has, however, previously allowed district courts to award costs and fees accrued on appeal in accordance with those districts' local rules, despite a party's failure to comply with Rule 47C. See Little Rock Sch. Dist. V. Arkansas, 127 F.3d 693, 696-97 (8th Cir. 1997). In this action, plaintiff did not timely file with this court either a notice of intent to claim fees or a motion for the award of fees as required by District of Minnesota Local Rule 54.3(b)(1) & (2). When a party

fails to move for fees and costs in a timely manner, courts generally deny the award. Silverman v. Silverman, 2004 WL 2066778, at *3 (D. Minn. Aug. 26, 2004) (citing Quarles v. Oxford Mun. Separate Sch. Dist., 868 F.2d 750, 758 (5th Cir. 1989)). Plaintiff has failed to show good cause why it waited over three months after the Eighth Circuit's mandate to move for attorneys' fees. The court declines to excuse plaintiff's failure to comply with Local Rule 54.3(b) and denies its motion as untimely.

**II. Defendant's Motion to Pay Judgment**

Defendant Larson requests that the court accept payment and satisfaction of judgment pursuant to Federal Rule of Civil Procedure 67. That rule states in relevant part:

> In an action in which any part of the relief sought is a judgment for a sum of money ... a party, upon notice to every other party, and by leave of court, may deposit with the court all or part of such sum ....

Fed. R. Civ. P. 67. Defendant seeks to make payment in the amount of $702,803.41 plus post-judgment interest computed at 1.68 percent annually from May 13, 2005, to the date of the Rule 67 deposit with the court. He then requests that plaintiff Amtrust's ability to withdraw those funds be conditioned upon its filing of a satisfaction of judgment and a satisfaction of mortgage to Vermillion State Bank.

Plaintiff does not object to defendant's request to pay the judgment, his calculation of interest or the requirement that plaintiff deliver a satisfaction of mortgage to Vermillion State Bank before it be allowed to withdraw monetary payment from the court. However, Amtrust does object to defendant's calculation insofar as it fails to take into consideration attorneys' fees and costs accrued in the course of the parties' appeals. Because the court has decided that plaintiff is not entitled to attorneys' fees and costs, its objection is overruled.

Plaintiff also requests that the parties exchange payment, satisfaction of judgment and satisfaction of mortgage with each other without a Federal Rule of Civil Procedure 67 deposit of payment with the court. Based upon the contentiousness that has often plagued this litigation, the court finds that a Rule 67 payment of judgment would serve judicial efficiency and the orderly and prompt completion of this action.

Therefore, defendant is authorized to deposit payment to the court in the amount of $702,803.41 plus interest compounded annually at 1.68 percent, starting May 13, 2005, and ending the date the deposit is made with the court. The deposit shall be made in accordance with Federal Rule of Civil Procedure 67 and District of Minnesota Local Rule 67.1. Plaintiff may withdraw the payment of judgment from the court upon tendering to the court a satisfaction of judgment and a satisfaction of mortgage.

Plaintiff's withdrawal of payment and defendant's withdrawal of satisfaction of judgment and mortgage from the court must be made in accordance with Federal Rule 67, Local Rule 67.3, and by order of court pursuant to 28 U.S.C. § 2042.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Amtrust's motion for an award of attorneys' fees [Docket No. 241] is denied.

2. Larson's motion to pay judgment pursuant to Federal Rule of Civil Procedure 67 [Docket No. 237] is granted. Defendant must deposit with the court the amount of $702,803.41 plus interest compounded annually at 1.68 percent for the period of May 13, 2005 to the date of the deposit. Amtrust may withdraw payment upon tendering to the court satisfaction of judgment and satisfaction of mortgage. All deposits and payments to the court must be made in accordance with Federal Rule 67 and Minnesota District Court Local Rules 67.1 and 67.3.

Dated: July 25, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court