**FABYANSKE, WESTRA, HART & THOMSON**
A PROFESSIONAL ASSOCIATION

M.T. FABYANSKE
MARK W. WESTRA
JEREMIAH J. KEARNEY
DENNIS J. TROOIEN
SCOTT LLOYD ANDERSON
PAUL L. RATELLE
GREGORY T. SPALJ
DEAN B. THOMSON
GARY C. EIDSON
KYLE E. HART
JUDITH E. KROW
STEPHEN A. MELCHER
RICHARD G. JENSEN
THOMAS J. TUCCI
CHARLES G. CARPENTER, III
CHRISTOPHER P. CHILSTROM
STEVEN C. COX
JULIE A. DOHERTY
KATHLEEN S. MARA
AARON A. DEAN

SUITE 1900
800 LASALLE AVENUE
MINNEAPOLIS, MINNESOTA 55402
TELEPHONE 612-338-0115
FAX 612-338-3857
WWW.FWHLAW.COM

SCOTT A. JOHNSON
DYANNA L. STREET
PATRICK J. LEE-O'HALLORAN
FREDERICK H. LADNER
RODERICK A. MAUSZYCKI
NATHAN E. RAY
THEODORE V. ROBERTS
MATTHEW T. COLLINS
BRITTNEY L. DOHERTY
DANIEL J. GILCHRIST
DANIEL L. ABELSON
RORY O. DUGGAN

OF COUNSEL:
GORDON P. HEINSON
DANNETTE S. LUND*
RENÉE K. ZIRBES

RETIRED:
B.C. HART

*NOT LICENSED IN MINNESOTA

August 2, 2005

**VIA FACSIMILE 612-664-5067**
The Honorable David S. Doty
United States District Court
Room 14W
300 South Fourth Street
Minneapolis, MN 55401

**Re: Amtrust Incorporated v. Roger C. Larson, et al**
**Court File No.: Civil File No.: 00-2615 (DSD/FLN)**

Dear Judge Doty:

Amtrust Incorporated ("Amtrust") submits this letter pursuant to Local Rule 7.1(g) requesting that the Court permit Amtrust to move the Court to reconsider its July 25th Order denying Amtrust's motion for attorneys fees. By denying Amtrust's motion, the Court has improperly denied relief to Amtrust that the Court expressly allowed under the its Order of Foreclosure entered in this matter on December 18, 2002 and affirmed by the Eighth Circuit Court of Appeals on November 4, 2004 (the "Foreclosure Order"). In the Foreclosure Order, the Court awarded Amtrust the right to foreclosure the Mortgaged Property "in payment of the amount adjudged due to Amtrust, together with interest on the outstanding balance beginning after October 1, 2002, to the date of the marshal's sale, ***plus additional costs, disbursements and attorney's fees of this action and the expenses of said sale***." (Emphasis added.) In its Order of June 11, 2003, the Court awarded Amtrust $350,065.94 in costs and attorney's fees for the period prior to the commencement of the instant action through January 30, 2003.[1] In its Motion filed on April 28, 2005, Amtrust sought, as expressly allowed in the Foreclosure Order, "additional costs, disbursements and attorney's fees of this action" for the period ***from January 30, 2003 through March 30, 2005***.

The Court of Appeal's affirmance of the Foreclosure Order was merely one step in the mortgage foreclosure process, a process that does not end until after the foreclosure sale has occurred and the Mortgaged Property has been redeemed or the redemption period has expired without redemption. In accordance with Minnesota mortgage foreclosure statutes (e.g., Minn.

[1] In its July 25, 2005 Order, the Court incorrectly characterized the fees and costs awarded in the June 11th Order as fees and costs accruing "from the date of foreclosure until January 30, 2003." There has been no foreclosure of the Mortgaged Property. Indeed, before Amtrust noticed a foreclosure sale of the Mortgaged Property, Larson appealed the Foreclosure Order. Amtrust intends to notice and arrange for a foreclosure sale in the future.

Stat. § 580.17),[2] the Foreclosure Order allows supplemental requests for fees accruing through the date of the foreclosure sale and, therefore, Local Rule 54.3 is inapplicable.[3] Moreover, in the interest of avoiding duplication and promoting judicial efficiency, Amtrust did not make piecemeal motions for fees and costs. Rather, Amtrust brought its motion in April of 2005 in order to establish the amount due "on the date of the [foreclosure] notice" since a foreclosure sale cannot be challenged by appeal or disputes over the calculation of post-judgment interest.[4] The timing of Amtrust's motion therefore complied not only with the Foreclosure Order but also with Minnesota statutes.[5] In addition, the Foreclosure Order's provisions allowing Amtrust to recover fees and costs during the post-judgment/pre-foreclosure period recognizes, in accordance with Minnesota foreclosure statutes, that foreclosure is a process that does not end with the judgment of foreclosure. Hence, Amtrust's motion was timely and should have been granted by this Court.

Amtrust's request to make a motion for reconsideration should be granted by the Court for "compelling circumstances," namely to correct a manifest error of law from the Court's denial of relief it had granted to Amtrust in the Foreclosure Order and in accordance with Minnesota mortgage foreclosure statutes. Amtrust's supplemental motion for fees, for the period prior to the appeal of the Foreclosure Order through March 31, 2005, was timely and in accordance with the Foreclosure Order.

Very truly yours,

Paul L. Ratelle

cc: Keith D. Johnson, Esq.

---

[2] "Within ten days after the filing for record of the certificate of sale, the party foreclosing, or the party's attorney, shall make and file for record with the county recorder an affidavit containing a detailed bill of the costs and disbursements of the foreclosure, **including attorney's fees** . . ." Minn. Stat. § 580.17. (Emphasis added.)

[3] In its July 25th Order, the Court recognized that a district court may award fees and costs despite non-compliance with Eighth Circuit Rule 47C. However, the Court improperly denied Amtrust's motion on the basis of alleged noncompliance with Local Rule 54.3. The Foreclosure Order does not limit Amtrust's recovery of fees to those incurred on appeal or arising from subsequently issued orders; the Foreclosure Order is broader than that, as explained above. Moreover, Amtrust timely filed its Notice of Intent to Claim an Award of Attorney Fees on October 21, 2002 (Docket No. 173). The Local Rule does not require the filing of additional notices of intent for the allowance of post judgment fees in a mortgage foreclosure case; it does not require that supplemental motions for post-judgment fees, expressly awarded under the Foreclosure Order, are to be preceded by additional notices of intent to claim fees. The Foreclosure Order effectively dispensed with such a requirement by providing for Amtrust's right to recover post-judgment/pre-foreclosure attorney's fees.

[4] In its motion, Amtrust sought fees and costs **in addition and unrelated** to those arising from the appeal. By way of example only, the motion seeks recovery of fees for the month of March 2005, which involved primarily conversations with opposing counsel and research relating to the calculation of post-judgment interest.

[5] Amtrust's notice of mortgage foreclosure sale must specify "the amount claimed to be due on the mortgage **on the date of the notice**." (Emphasis added.) Minn. Stat. § 580.04(3). This amount is critical to the foreclosure process by establishing, in part, the amount Amtrust may bid at the foreclosure sale as well as the redemption price. Minn. Stat. § 581.10.