LAW OFFICES OF

**KEITH D. JOHNSON, P.L.L.C.**

**BARRISTERS TRUST BUILDING**
**247 THIRD AVENUE SOUTH**
**MINNEAPOLIS, MINNESOTA 55415**

**Tel: (612) 341-2525**
**Fax: (612) 341-0116**
**Email: kjohnson@wjj.com**

August 10, 2005

Honorable David S. Doty
United States District Court Judge
U.S. Federal Courthouse Room 14W
300 Fourth Street South.
Minneapolis, Minnesota 55415

VIA FAX (612-664-5067)
AND EFILING

RE: Amtrust, Inc. v. Roger C. Larson
Civil File No.: 0:00-CV-022615 (DSD/FLN)

Dear Judge Doty:

Please let this serve as defendant Roger C. Larson's response to plaintiff's request to reconsider its motion, submitted pursuant to Local Rule 7.1(g), and dated August 2, 2005.

This court, by its Order dated July 25, 2005, did not improperly deny relief to plaintiff. As this court found, plaintiff's motion was manifestly untimely and plaintiff has failed to and continues to fail to show any good cause for failure to timely apply for a attorneys' fees.

Surprisingly, plaintiff falsely asserts that Local Rule 54.3 requiring timely submission for attorneys' fees is inapplicable. Local Rule 1.1 states in part as follows:

> **(c) Scope of Rules**
> Except as otherwise provided or where the context so indicates, these rules shall apply in all proceedings in civil and criminal actions, but not including bankruptcy actions…
>
> **(d) Relationship to Prior Rules; Actions pending on effective date**
> These rule supercede all previous rule promulgated by this Court or any Judge of this Court. They shall govern all applicable proceedings brought in this court after they take effect…

Local Rule 1.1 clearly establishes that Local Rule 54.3 is applicable to these proceedings:

Plaintiff also falsely asserts that there motion was timely under Minn. Stat. § 580.17 which, they assert, "allows supplemental requests for fees accruing through the date of the foreclosure sale." However, Minn. Stat. § 580.17 applies solely to foreclosures by advertisement, not to foreclosures by action as occurred in this case. Instead. Minn. Stat. § 581.01 et seq. applies to

mortgage foreclosures by action. Indeed, Minn. Stat. § 581.01 regarding foreclosures by action states as follows:

> Actions for the foreclosure of mortgages shall be governed by the same rules and provisions of statute as civil actions except as in this chapter otherwise provided.

Thus, Minnesota mortgage foreclosure law simply does not support plaintiff's claim, and supports this Court's Order.

Finally, plaintiff's assertion of an entitlement to proceed with the foreclosure process is meritless. Defendant intends to pay the judgment pursuant to the Court's Order, and thus there is no need to proceed with the foreclosure process. Defendant's payment will be made after this Court decides whehter to allow plaintiff to make a motion to reconsider this matter.

The Court's Order should stand and plaintiff's request to make a motion for reconsideration should be denied.

Very truly yours,

**KEITH D. JOHNSON, P.L.L.C.**

Keith D. Johnson

KDJ/sk

cc: Paul L. Ratelle, Esq.
Roger Larson